**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAFIYQ DAVIS** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 14-4974** |
| | : | |
| **MIKE WENEROWICZ, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## O R D E R

AND NOW, this _____ day of _____, 2015, upon consideration of

Defendant, Chris Thomas' Motion to Dismiss, and any response thereto, it is hereby

ORDERED and DECREED that the Motion is GRANTED.

BY THE COURT:

_____
The Honorable Mitchell S. Goldberg

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | **:** | |
| **RAFIYQ DAVIS** | **:** | **CIVIL ACTION** |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | **NO. 14-4974** |
| | **:** | |
| **MIKE WENEROWICZ, et al.,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| | **:** | |

## MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Chris Thomas, hereby moves this Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

In support of this Motion, Defendant incorporates by reference and relies upon the Memorandum of Law filed herewith.

Respectfully submitted,

Date:  February 23, 2015                          /s/ Aaron Shotland
                                                 Aaron Shotland
                                                 Pa. Attorney ID No. 205916
                                                 City of Philadelphia Law Department
                                                 1515 Arch Street, 14th Floor
                                                 Philadelphia, PA 19102
                                                 (215) 683-5434
                                                 aaron.shotland@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | |
| **RAFIYQ DAVIS** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 14-4974** |
| | : | |
| **MIKE WENEROWICZ, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION TO DISMISS**

## I.      Introduction

Defendant, Chris Thomas, by and through undersigned counsel, hereby files the

following memorandum in support of his Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

Plaintiff's Complaint for failure to state a claim upon which relief may be granted.  The

motion should be granted because Plaintiff's Complaint contains no actionable

allegations of misconduct by Chris Thomas.

### Procedural and Factual History

Plaintiff, Rafiyq Davis, filed an application to proceed *in forma pauperis* on

August 25, 2014. (Doc. No. 1.)  On September 2, 2014, Plaintiff filed the Complaint.

(Doc. No. 3.)

In his Complaint, Plaintiff alleges that his First, Fifth, Eighth, Thirteenth, and

Fourteenth Amendment Rights were violated because he was held past his release date at

SCI-Graterford.  See Compl. (Doc. No. 3).

**Argument**

In order to survive a motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Griffin-El v. Beard, Civil Action No. 06-2719, 2009 U.S. Dist. 92975 (E.D. Pa. Oct, 6, 2009) (quoting) Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id.

"The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Iqbal, supra, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.   Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  Id. at 1950.

Even when construed liberally in deference to Plaintiff's status as a *pro se* litigant, see Gause v. DeGuglielmo, et al., No. 06-4733, 2007 U.S. Dist. LEXIS 25118, at *3 (E.D. Pa. Apr. 4, 2007), Plaintiff fails to present a claim upon which relief may be granted.

In the instant matter, Plaintiff's Complaint fails to allege against Chris Thomas, any right under the law, any valid cause of action or any fact that could be interpreted to

support any legal claim against him that might be judiciable before this court.  The only allegations against Chris Thomas in the Complaint are that Plaintiff filed a Motion for Credit for time served with Chris Thomas on two (2) occasions.  See Compl.(Doc. No. 3) at 6.     A defendant in a civil rights action must have had personal involvement in committing the alleged violation. Rode v. Dellarciprete, 845 F.2d 1195 (3rd Cir. 1988). Agresta v. City of Philadelphia, 801 F. Supp. 1464, 1468 (E.D. Pa, 1992); see also Reaves v. Vaugh, 2001 WL 936392 at * 4 (E.D. Pa., Aug. 10, 2001) (vicarious liability does not apply to §1983 claims); Eppers v. Dragovich,1996 WL 420830 at * 4 (E.D. Pa., July 24, 1996) (defendant in civil rights claim must have "personal involvement" in alleged wrongs).  It is thus axiomatic that state actors cannot be held vicariously liable under Section 1983 for the actions of other state actors.  See Parratt v. Taylor, 451 U.S. 527, 537 n.1 (1981).  Any liability of an individual officer must "be based on his own acts or omissions, not those of [other] individual officers."  Agresta v. City of Philadelphia, 801 F. Supp. 1464, 1468 (E.D. Pa, 1992); see also Reaves v. Vaugh, 2001 WL 936392 at * 4 (E.D. Pa., Aug. 10, 2001) (vicarious liability does not apply to §1983 claims); Eppers v. Dragovich, 1996 WL 420830 at * 4 (E.D. Pa., July 24, 1996) (defendant in civil rights claim must have "personal involvement" in alleged wrongs). The bare allegation that a Motion for Credit for time served was sent to Chris Thomas, without more information, does not establish a legal cause of action against him.

Defendants understand the strong policy of the federal courts in the Third Circuit that pro se litigants not be denied the opportunity to state a civil rights claim because of technicalities.  Kauffman v. Moss, 420 F.2d 1270, 1276 (3d Cir. 1970).  However, in the instant matter, that policy is not at issue.  Plaintiff has failed in his attempt to allege even

one actionable fact against Chris Thomas.  Because the Complaint fails to state a cause of

action upon which relief can be granted, the Complaint should be dismissed.

### Conclusion

Based on the forgoing reasons, Defendant Chris Thomas, respectfully requests

this Court grant Defendant's Motion to Dismiss Plaintiff's Complaint.


Respectfully submitted,


Date:  <u>February 23, 2015</u>                              <u>/s/ Aaron Shotland</u>
                                                                    Aaron Shotland

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **RAFIYQ DAVIS** | : | **CIVIL ACTION** |
|  | : |  |
| **Plaintiff,** | : |  |
|  | : |  |
| **v.** | : | **NO. 14-4974** |
|  | : |  |
| **MIKE WENEROWICZ, et al.,** | : |  |
|  | : |  |
| **Defendants.** | : |  |
|  | : |  |

## CERTIFICATE OF SERVICE

I, Aaron Shotland, do hereby certify that on this date, a true and correct copy of

Defendant's Motion to Dismiss was served upon the following individual(s) by first class

mail:

> **RAFIYQ DAVIS**
> 4901 Stenton Ave
> APT. #K7
> PHILADELPHIA, PA 19144

Respectfully submitted,

Date:  February 23, 2015

/s/ Aaron Shotland
Aaron Shotland
Pa. Attorney ID No. 205916
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5434
aaron.shotland@phila.gov