IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **RAFIYQ DAVIS** | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| MIKE WENEROWICZ, et al. | : | No.    14-4974 |
| Defendants. | : | |
| | : | |

**ORDER**

NOW, this _____ day of _____, 2015, upon consideration of Defendant Christopher Thomas' Motion for Judgment on the Pleadings pursuant to F.R.C.P. 12 (c), and upon consideration of the briefs of the parties, and any response thereto, it is hereby **ORDERED** that said Motion is **GRANTED**.

Plaintiff's claims against Christopher Thomas are dismissed with prejudice.

BY THE COURT:

_____
**The Honorable Mitchell S. Goldberg, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAFIYQ DAVIS** : | CIVIL ACTION | |
| Plaintiff, : | | |
| v. : | | |
| : | | |
| **MIKE WENEROWICZ, et al.** : | No. | 14-4974 |
| Defendants. : | | |

**DEFENDANT CHRISTOPHER THOMAS' MOTION FOR
JUDGMENT ON THE PLEADINGS PURSUANT TO
<u>FEDERAL RULE OF CIVIL PROCEDURE 12(C)</u>**

Defendant, Christopher Thomas (hereinafter, "Defendant"), by and through his counsel, hereby files this Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to the Complaint filed by Rafiyq Davis, (hereinafter, "Plaintiff"). In support of its motion, Defendant incorporates by reference his Memorandum of Law filed contemporaneously herewith.

Date: <u>May 6, 2015</u>

Respectfully Submitted,

<u>/s/ Aaron Shotland</u>
AARON SHOTLAND, Esq.
Assistant City Solicitor
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA  19102

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **RAFIYQ DAVIS** | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| v. | : | |
| | : | |
| **MIKE WENEROWICZ, et al.** | : | No.   14-4974 |
| **Defendants.** | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CHRISTOPHER THOMAS' MOTION FOR JUDGMENT ON THE <u>PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(C)</u>**

Defendant, Christopher Thomas (hereinafter, "Defendant"), by and through his counsel, hereby files this motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to the Complaint filed by Rafiyq Davis (hereinafter "Plaintiff"). For the reasons explained herein, this Court should grant Defendant's motion and dismiss Plaintiff's claims against the City, with prejudice.

**I.   INTRODUCTION**

Plaintiff, Rafiyq Davis, filed an application to proceed *in forma pauperis* on August 25, 2014. (Doc. No. 1.)  On September 2, 2014, Plaintiff filed the Complaint.  (Doc. No. 3.)  In his Complaint, Plaintiff alleges that his First, Fifth, Eighth, Thirteenth, and Fourteenth Amendment Rights were violated because he was held past his release date at SCI-Graterford.  See Compl. (Doc. No. 3).  Plaintiff's only allegations against Defendant in his Complaint were that Plaintiff filed a Motion for Credit for time served with Defendant on two (2) occasions.  See Compl.(Doc. No. 3) at 6.  Defendant filed a Motion to Dismiss on February 23, 2015 arguing that Plaintiff failed to state a claim upon which relief could be granted because he had failed to allege that

Defendant committed a constitutional violation.  (Doc. No. 12.)  On March 10, 2015, Plaintiff filed a response to Defendant's motion in which he alleged that Defendant was responsible for calculating time served and that he miscalculated the time Plaintiff served on two (2) occasions, causing Plaintiff to serve an additional 141 days in prison.   See Response. Doc. No. 15 at 3.  Based on the additional allegations in Plaintiff's response against Defendant, the Court denied Defendant's motion to dismiss on April 9, 2015.  Doc. No. 22.  Defendant filed an Answer with Affirmative Defenses to Plaintiff's Complaint on April 20, 2015.

Defendant now moves for judgment on the pleadings on the basis that Plaintiff's §1983 suit for damages in which he alleges that he was imprisoned beyond his release date is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

## II.   CASE SUMMARY

For the purposes of this motion for judgment on the pleadings only, Defendant will accept all facts as alleged in the Complaint as true. See Pinker v. Roche Holdings Ltd., 292 F.3d 261, 374 n.7 (3d Cir. 2002). Plaintiff alleges that he filed a motion for credit for time served with Defendant on two (2) occasions.  See Compl.(Doc. No. 3) at 6.  Plaintiff also alleges that Defendant was responsible for calculating time served and that he miscalculated the time Plaintiff served on two (2) occasions, causing Plaintiff to serve an additional 141 days in prison. See Response. Doc. No. 15 at 3.

## III.   LEGAL STANDARD

A motion for judgment on the pleadings, made pursuant to Federal Rule of Civil Procedure 12(c), is treated under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Shelly v. Johns-Manville Corp., 798 F.2d 93, 97 n.4 (3d Cir. 1986); Regalbuto v. City of Philadelphia, 937 F. Supp. 374, 376 (E.D.Pa. 1995). Federal Rule

12(c) allows evidence outside the pleadings to be admitted, requiring the court then to treat the motion as one for summary judgment under Rule 56. Romero v. International Terminal Operating Co., 358 U.S. 354, 358 (1959).

A motion for judgment on the pleadings is designed to dispose of cases where the material facts are not disputed, and a judgment on the merits of the claims can be rendered by examination of the substance of the pleadings. Great Plains Trust Co. v. Morgan Stanley Dean Witter, 313 F.3d, 305, 313 n. 8 (5th Cir. 2002). Summary judgment is proper if "there is no genuine issue as to any material fact and … the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also, Institute for Scientific Info., Inc. v. Gordon and Breach, Science Publishers, Inc., 931 F.2d 1002, 1005 (3d Cir. 1991). In determining whether a material issue of fact exists, the court must view the facts and inferences to be drawn from the pleadings in the light most favorable to the non-moving party. See, Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 406 (3d Cir. 1993).

### III.   ARGUMENT

In this § 1983 suit, Plaintiff challenges the duration of his sentence by alleging that his incarceration was unconstitutionally extended beyond his maximum sentence. It is well settled that when a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, not a § 1983 action. Williams v. Consovoy, 453 F. 3d 173, 177 (3d Cir. 2006) citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Thus, in Heck v. Humphrey, 512 U.S. 477 (1994), an inmate brought a § 1983 action for damages against local and state law enforcement officers alleging that his conviction violated his constitutional rights. The Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness

> would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 482. See also Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) ("a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement"); Williams, 453 F. 3d at 177 (Heck held that "where success in a § 1983 action would implicitly call into question the validity of a conviction or duration of a sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas corpus remedies to challenge the underlying conviction or sentence."). Consequently, "a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." Id., quoting Wilkinson, 544 U.S. at 81-82.

Here, Plaintiff does not allege that the State's determination on the duration of his sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or otherwise called into question by a federal court's issuance of a writ of habeas corpus. See Heck, 512 U.S. at 489. Moreover, success in this action would "necessarily demonstrate" Plaintiff's term of incarceration was unconstitutionally extended beyond his maximum sentence by failing to credit time served. By asserting that Defendant unlawfully extended his sentence by failing to credit time served, Plaintiff seeks

damages for the time of his allegedly unlawful confinement. A judgment in his favor would demonstrate the invalidity of the duration of his confinement since he alleges he was confined unlawfully for an additional time. Plaintiff's claim must be dismissed.

## IV. CONCLUSION

For all the foregoing reasons, this Court should grant Defendant's Motion for Judgment on the Pleadings and dismiss Plaintiff's Complaint against Chris Thomas, with prejudice.

Respectfully Submitted,

Date: May 6, 2015

*/s/ Aaron Shotland*
AARON SHOTLAND, Esq.
Pa. Attorney ID No .205916
Assistant City Solicitor
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA  19102

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAFIYQ DAVIS** | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **MIKE WENEROWICZ, et al.** | : | No.   14-4974 |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing **MOTION FOR JUDGMENT ON THE PLEADINGS** was electronically filed and is available for viewing and downloading from the ECF system.  A copy was also served upon the following individuals by first class mail, postage prepaid, as follows:

**RAFIYQ DAVIS**
4901 Stenton Ave
APT. #K7
PHILADELPHIA, PA 19144


Date: May 6, 2015                                  */s/ Aaron Shotland*_
                                                             Assistant City Solicitor
                                                             Pa. Attorney ID No .205916
                                                             City of Philadelphia Law Department
                                                             Civil Rights Unit
                                                             1515 Arch Street, 14th Floor
                                                             Philadelphia, PA  19102