IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAFIYQ DAVIS,** : | CIVIL ACTION |
| Plaintiff, : | |
| : | |
| v. : | NO. 14-4974 |
| : | |
| **SUPERINTENDENT MIKE WENEROWICZ,** : | |
| **et al.,** : | |
| Defendants. : | |

### ORDER

**AND NOW,** this 8th day of June, 2015, upon consideration correspondence of "Defendant Christopher Thomas' Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c)" (Doc. No. 26) and "Plaintiff's Opposition to the Defendants Motion for Judgment on the Pleadings" (Doc. No. 27), I find as follows:

1. Plaintiff filed the instant lawsuit alleging that his First, Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights were violated because he was held past his release date at the State Correctional Institute at Graterford. Plaintiff seeks money damages.

2. Defendants urge that Plaintiff's claims are barred by the rule established in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that:

   > in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

   Id. at 486-87.

This rule applies to a prisoner's claim that he was imprisoned beyond his release date. See McKinney v. Pennsylvania Bd. of Probation & Parole, 405 Fed. Appx. 646 (3d Cir. 2010) (unpublished).

3. Plaintiff does not allege that the determination on the duration of his sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or otherwise called into question by a federal court's issuance of a writ of habeas corpus. Therefore, his claims are not cognizable in this civil rights action.

**WHEREFORE,** it is hereby **ORDERED** that Defendants' motion is **GRANTED.** Plaintiff's claims against Defendant Christopher Thomas are dismissed with prejudice.

**BY THE COURT:**

/s/ Mitchell S. Goldberg

**Mitchell S. Goldberg, J.**